**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER OWENS** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **NO.  08-00365** |
| | : | |
| **SUNGARD AVAILABILITY SERVICES,** | : | |
| **Defendant.** | : | |

**DuBOIS, J.**                                                    **July 20, 2009**

**M E M O R A N D U M**

I.      **Procedural History**

Plaintiff filed seven-count Complaint on January 23, 2008, alleging unlawful termination, failure to promote, hostile work environment, and defamation, against defendants Fred Carr and Sungard Availability Services ("Sungard"). On June 11, 2008, by Stipulation and Order of Partial Dismissal, all claims were dismissed against defendant Carr, and all claims except for Counts I and IV were dismissed against defendant Sungard. Thus, plaintiff's only remaining claims are against defendant Sungard for: (1) unlawful termination on the basis of race in violation of Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), 42 U.S.C. § 2000e-2(a) (Count I); and unlawful termination on the basis of race in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. § 955 (Count IV).

Defendant filed a Motion for Summary Judgment on May 15, 2009. On May 20, 2009, counsel for plaintiff filed a Petition for Leave to Withdraw, in which she stated that plaintiff has failed to respond to counsel for plaintiff's phone calls or letters. In response, the Court scheduled a hearing on counsel's Petition for Leave to Withdraw on June 19, 2009 and ordered plaintiff to attend the hearing. Plaintiff failed to appear at the hearing as directed.

Following the hearing, by Order of June 19, 2009, the Court ordered that plaintiff respond to defendant's Motion for Summary Judgment on or before July 6, 2009. The Order further provided that, in the event plaintiff failed to respond, the Court would decide the Motion for Summary Judgment on the then state of the record and would grant counsel for plaintiff's Petition for Leave to Withdraw without further notice to plaintiff.

Plaintiff failed to respond to defendant's Motion for Summary Judgment. Accordingly, based on the current state of the record and for the reasons stated below, the Court grants defendant's Motion for Summary Judgment with respect to Counts I and IV of the Complaint and enters judgment in favor of defendant and against plaintiff.

## II.    Factual Background

Plaintiff applied to defendant for the position of Shipping and Receiving Clerk, and was interviewed on June 22, 2006 by Fred Carr, defendant's Manager of Facilities and Security. (Fred Carr Decl. ¶ 4.) The position was ultimately filled by Roberto Delgado, an Hispanic male. (Id.; Christopher Owens Dep. 19:5–7, 22:18–19, Oct. 27, 2008, Ex. A to Def.'s Mot.) However, Mr. Carr invited plaintiff to apply when another Shipping and Receiving Clerk position opened, and plaintiff received the job. (Carr Decl. ¶ 5; Owens Dep. 33:5–34:6.) Plaintiff began work with defendant on September 11, 2006. (Carr Decl. ¶ 7; Owens Dep. 14:6–9.)

Thereafter, a host of complaints were filed against plaintiff because of mistakes he made while performing activities that were a part of his job duties. (See McGinley E-mail to Carr, Sept. 21, 2006, Ex. 4 to Carr Decl. (evening package never picked up for delivery); Lee E-mail to Owens, Nov. 8, 2006, Ex. 8 to Carr Decl. (package shipped not according to sender's instructions); Connor E-mail to Smack, Owens, Croft, & Carr, Nov. 10, 2006, Ex. 9 to Carr Decl.

(complaining about missing package and its contents); Smack E-mail to Owens, Dec. 6, 2006, Ex. 11 to Carr Decl. (complaining about package sent to wrong address); McGinley E-mail to Carr, Jan. 3, 2007, Ex. 12 to Carr Decl. (noting that incorrect information was provided by plaintiff).) Plaintiff admits to making some of these mistakes. (Owens Dep. 52:8–9, 63:20–21, 197:21–22.) Indeed, plaintiff testified that a fellow Shipping and Receiving Clerk created a checklist of duties for him one to two months after he began and "[a]fter I started making a few mistakes . . ." so as to "make sure [plaintiff did] everything [he was] supposed to do." (Id. at 197:2–198:17.)

At plaintiff's four month performance review, Mr. Carr, who was also plaintiff's supervisor (Id. at 52:23–24), concluded that "[t]he good that Chris does is far outweighed by his lack of performance, lack of attention to detail, and the negativity he sends throughout the department. The bottom line is, Chris is not a good fit within this type of department." (Carr Decl. ¶ 13.) Plaintiff was terminated from defendant's employ on January 5, 2007 for poor performance. (Id. ¶ 15.)

**III.    Legal Standard**

A court should grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is material when it "might affect the outcome of the suit under the

governing law." Id. In considering a motion for summary judgment, the "facts must be viewed in the light most favorable to the party opposing summary judgment." Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The party opposing the motion, however, cannot "rely merely upon bare assertions, conclusory allegations, or suspicions" to support its claim. Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).

## IV.    Discussion

For claims of employment discrimination on the basis of race, the familiar framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), applies.[1] The Supreme Court further explained the framework in Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252 (1981):

> First, the plaintiff has the burden of proving by the preponderance of the evidence a *prima facie* case of discrimination. Second, if the plaintiff succeeds in proving the *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, non discriminatory reason for the employee's rejection." . . . Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

Id. (quoting McDonnell Douglas, 411 U.S. at 802) (citations omitted).

In this case, the Court need not decide whether plaintiff has established a *prima facie* case of discrimination because, assuming *arguendo* that he did, plaintiff's claims would nevertheless fail under the third prong of the McDonnell-Douglas burden-shifting framework. Specifically, plaintiff has presented no evidence that defendant's proffered reason for terminating him is

---

[1] The Title VII framework also applies in analysis of PHRA claims. See Gomez v. Allegheny Health Servs. Inc., 71 F.3d 1079, 1084 (3d Cir. 1995) ("Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act, prohibit discrimination in employment based on race or national origin. The state Act is construed consistently with interpretations of Title VII.").

4

pretextual.

In order to prove pretext, plaintiff can either: (1) present evidence that "'casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication,'" or (2) present evidence that "'allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action.'" Akinson v. Lafayette College, 460 F.3d 447, 454 (3d Cir. 2006) (quoting Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994)). "This burden is met through demonstration that such 'weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action are such that a reasonable factfinder could rationally find them unworthy of credence.'" Rosario v. Ken-Crest Servs., No. 05-CV-3378, 2006 U.S.App. LEXIS 13815, at *7 (3d Cir. June 5, 2006) (quoting Fuentes, 32 F.3d at 765). "Because the ultimate issue is whether 'discriminatory animus' motivated the employer," it is insufficient to show that the employer's decision was "wrong or mistaken." Coulton v. Univ. of Pa., 237 Fed. Appx. 741, 747 (3d Cir. 2007); Money, 189 Fed. Appx. at 116.

The record clearly demonstrates that plaintiff made numerous errors during his short tenure as a Shipping and Receiving Clerk for defendant. According to defendant, its decision to terminate plaintiff was based on these errors and plaintiff's poor performance. Plaintiff has presented no evidence that casts doubt on these legitimate reasons or allows an inference that discrimination was more likely than not a motivating cause for his termination. Indeed, plaintiff has not pointed to any evidence of discriminatory animus, nor can the Court identify any such evidence.

**V.**      **Conclusion**

For the foregoing reasons, the Court concludes that defendant's legitimate, nondiscriminatory reasons for terminating plaintiff are not pretextual. Accordingly, the Court grants defendant's Motion for Summary Judgment with respect to plaintiff's remaining claims (Counts I and IV of the Complaint) and enters judgment in favor of defendant and against plaintiff. An appropriate Order follows.